Frank J. MALLOY, Appellant,

v.

PROVIDENCE HOSPITAL and John J. Leahy, Appellees.

No. 16114.

United States Court of Appeals District of Columbia Circuit.

Argued April 3, 1961.

Decided June 29, 1961.

Mr. Harry W. Goldberg, Washington, D. C., with whom Messrs. Morris Altman and Max M. Goldberg, Washington, D. C., were on the brief, for appellant.

Mr. Paul R. Connolly, Jr., Washington, D. C., for appellee Providence Hospital.

Mr. J. Joseph Barse, Washington, D. C., with whom Messrs. H. Mason Welch and J. Harry Welch, Washington, D. C., were on the brief, for appellee John J. Leahy.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a civil action for damages by reason of alleged negligence. At the conclusion of the opening statement on behalf of the plaintiff, counsel for the defendants moved for judgment. In the course of the opening statement counsel for the plaintiff told the jury he would present certain hospital records as supporting his position. Counsel for the defendants asked the court to examine the records and determine whether they did indeed support the plaintiff's view of what occurred. After a discussion in the absence of the jury, the court directed the plaintiff to read to the jury the parts of the records he said proved his point. Counsel for the plaintiff agreed to do so but protested that he also relied upon answers made by the defendant Hospital to certain interrogatories. He insisted that the records were "only a part of my proof." The court said:

"I realize that very well. But from my hearing of your opening statement, you rely pretty heavily upon the hospital records. I want to know what the record is that you are relying on. So I will call the jury back and you tell them and read from the records just what you rely on."

Thereupon counsel for the plaintiff, "[a]t the direction of the Court," read to the jury long sections of the hospital records. He prefaced his reading by saying to the jury:

"Now, in addition to the other evidence which we contemplate submitting, which include of course portions of the Court file which contain answers to interrogatories propounded to the superintendent of the hospital, Providence Hospital, and other evidence, oral and otherwise, we expect to introduce the hospital record in evidence in its entirety."

In later colloquy with the court counsel for the plaintiff repeated his insistence that "this is not the sole evidence on which I rely."

Upon the conclusion of the reading of the Hospital records the court ruled that "the plaintiff by his opening statement has failed to state a case of liability against either of the defendants." The motion by the defendants was granted, and a verdict for them was directed.

■ The foregoing action of the court was erroneous in a number of respects. In his account of events counsel for the plaintiff pictured negligence on the part of the defendants. The court erred, we think, in requiring the plaintiff to present his evidence as part of his opening statement, in directing a verdict on only part of the plaintiff's asserted proof, and in deciding issues of fact posed by the partial proof required to be presented at that stage. Whether the Hospital records showed what the defendants said they showed was unquestionably a debatable issue, not only on the face of the records but especially so in light of the Hospital's sworn answers to the interrogatories. The arguments advanced by counsel for the defendants in support of the foregoing actions of the court were wholly untenable.

■ The opening statement is an opportunity for counsel to acquaint the jury with the issues in the case, his theory of the case as reflected in his

pleadings, and to prepare the trial judge and the jurors for their reception and consideration of the evidence he intends to offer. He is not required to detail or to exhibit his evidence as part of such a statement. He must be given the benefit of every inference in determining the sufficiency of his opening statement.[1] A motion for a directed verdict upon an opening statement is not the same as, or even similar to, a motion for summary judgment.

The judgment of the District Court is reversed and the case remanded with instructions to grant the plaintiff a trial.

Reversed and remanded.

1. Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882 (1934); Stuthman v. United States, 67 F.2d 521, 523 (8 Cir., 1933).